UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
MAR 25 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

WILLIAM NICHOLAS BANKS, JR.,

    Plaintiff,

v.                                          ACTION NO. 4:08cv7

CYNTHIA HUDSON,
CITY ATTORNEY,
CITY OF HAMPTON, VIRGINIA,

    Defendant.

## DISMISSAL AND SHOW CAUSE ORDER

This case comes before the court on defendant Cynthia Hudson's ("Hudson") motion to dismiss. For the reasons set forth below, Hudson's motion to dismiss is **GRANTED**. In addition, the plaintiff, William Nicholas Banks, Jr., ("Banks") is ordered to **SHOW CAUSE** as to why the system of prefiling review which was previously imposed with respect to Banks's lawsuits involving Virginia International Terminals ("VIT")[1] should not be expanded to include all submissions filed by Banks in this court.

---

[1] In an order filed on June 29, 2006, the court imposed a system of prefiling review on any submissions made by Banks that involve VIT. See Banks v. Va. Int'l Terminals, Order, No. 2:06cv138 (E.D. Va. June 29, 2006), appeal dismissed, No. 06-1956 (4th Cir. May 15, 2007) (per curiam) (unpublished). The terms of this system of prefiling review require that any complaint submitted by Banks against VIT be subjected to review by a judge of this court. Id. at 2. If the court determines that Banks has complied with Federal Rule of Civil Procedure 8, then the complaint shall be filed. Id. If the court determines that the complaint fails to meet the basic requirements of Rule 8, then the court shall so state and shall return the complaint to Banks unfiled. Id.

## I. Factual and Procedural History

On January 30, 2008, Banks, proceeding pro se, filed a complaint[2] (the "January, 2008 complaint") in this court against Cynthia Hudson, who is the City Attorney for the City of Hampton, Virginia. This is the second complaint filed by Banks against Hudson in this court in recent months. Banks filed a substantially similar complaint against Hudson on November 16, 2007 (the "November, 2007 complaint"). The November, 2007 complaint was dismissed in an order filed on January 16, 2008. See Banks v. Hudson, Dismissal Order, No. 4:07cv122 (E.D. Va. Jan. 16, 2008). Accordingly, the court will only briefly summarize the relevant information necessary to address Banks's latest complaint and Hudson's present motion to dismiss.

In sum, a strained reading of the January, 2008 complaint appears to set forth a chronology of events (the "events related to the counterfeiting and weapons charges") in which variously named and incompletely named parties, some employed by the Old Point National Bank and others employed by the Hampton Police Department, conspired to counterfeit and plant checks in and about Banks's money pouch, and entered his car and "put[] a gun in to Mr. Banks'[s] money bag." (Compl. 1.) This series of events appears to have culminated in a court proceeding involving Banks which took

---

[2] Banks's complaint is entitled "Stalking, Intentional Entrapment, Violations of Civil Rights, Gun Misdeamnor [sic]."

place in Hampton Circuit Court on January 17, 2008.[3] At no time in the complaint does Banks allege that Hudson, either individually or acting in her official capacity as City Attorney for the City of Hampton, violated his rights in any way. In fact, Hudson is not mentioned anywhere in Banks's thirty-eight page complaint.

On February 26, 2008, Hudson filed a motion to dismiss Banks's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accompanied by a warning to Banks consistent with the requirements of <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). In her motion to dismiss, Hudson first contends that, although Banks has not explicitly alleged a violation of 42 U.S.C. § 1983,[4] his complaint should be construed as attempting to so allege. Hudson then argues that Banks has failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, or on any other grounds.

---

[3] The complaint also consists of additional miscellaneous submissions, including: receipts, photographs, drawings, handwritten notes, a nine-page submission containing summaries of the plaintiff's opinion of various judges and attorneys in the Hampton Roads area, and a seven-page narrative entitled "True Adventures of Nick vs. the Red-Eyed Devil."

[4] 42 U.S.C. § 1983 states:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

On March 10, 2008, Banks submitted a document which the court will construe as his response to Hudson's motion to dismiss. The main focus of this document appears to be Banks's wife's automobile.[5] Hudson did not file a reply to Banks's response. The matter is ripe for review.

## II. Analysis

### A. Dismissal of Complaint

When evaluating a complaint submitted by a plaintiff who is proceeding pro se, the facts alleged in the complaint must be taken as true. Peck v. Merletti, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999). The court should allow a pro se complainant to proceed where the complaint is broad and contains a potentially cognizable claim which the plaintiff can later particularize. Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965), cert. denied, 385 U.S. 905 (1966); Johnson v. Hill, 965 F. Supp. 1487, 1489 (E.D. Va. 1997). However, the bold statement by a plaintiff that he has a valid claim of some type against the defendant is not sufficient. Davis v. City of Portsmouth, 579 F. Supp. 1205, 1210 (E.D. Va. 1983), aff'd, 742 F.2d 1448 (4th Cir. 1984) (unpublished table decision). Finally, "[e]ven pro se litigants must state their claims in an understandable and efficient manner." Peck, 64 F.

---

[5] In addition to receipts, photographs, and a handwritten narrative detailing "shabby work" and "sabotage" to the automobile, Banks lists various grievances relating to wiretapping, food poisoning, trespassing, "business corruption," and "racketeering."

Supp. 2d at 602 (quoting Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (internal quotation marks omitted)).

Like the November, 2007 complaint, Banks's January, 2008 complaint does not mention Hudson, either individually or in her official capacity, let alone allege that she violated his rights in any way. Banks's complaint utterly fails to make any allegations sufficient to sustain a federal cause of action against Hudson, whether for civil rights violations or otherwise. See, e.g., Jackson v. Nelson, 405 F.2d 872, 873-74 (9th Cir. 1968); Davis, 579 F. Supp. at 1210. Accordingly, Banks's complaint is **DISMISSED**.[6]

## B. Prefiling Injunction

"[T]he All Writs Act . . . grants federal courts the authority [to impose prefiling injunctions] to limit access to the courts by vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004); see also 28 U.S.C. § 1651(a). Prefiling injunctions should be imposed "sparingly," but may be warranted under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer, 390 F.3d at 817-18 (citation and internal quotation marks omitted).

When determining whether to impose a prefiling injunction, a

---

[6] The court further notes that Banks's complaint fails to meet the pleading requirements of Rule 8(a)(2), which calls for "a short and plain statement of the claim showing that the pleader is entitled to relief."

5

court should consider the following four factors: (1) "the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits;" (2) whether the party files his cases on a good faith basis, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings;" and (4) "the adequacy of alternative sanctions." Id. at 818. The injunction must be "narrowly tailored," id., so that "the terms of the injunction are [] related to the circumstances giving rise to the injunction." Tinsley v. Moore Bus. Forms, Inc., No. 93-2086, 1994 U.S. App. LEXIS 14208, at *5 (4th Cir. June 9, 1994) (unpublished).

In this matter, all of the Cromer factors weigh heavily against Banks. In considering the first Cromer factor, the court looks at Banks's lengthy history of litigation in this court, which is rife with duplicative lawsuits. See Banks v. Hudson, No. 4:08cv7 (E.D. Va.) (current case); Banks v. Hudson, No. 4:07cv122 (E.D. Va.); Banks v. Wallace, No. 4:07cv109 (E.D. Va.); Banks v. Va. Int'l Terminals, No. 2:06cv138 (E.D. Va.); Banks v. Beckstoffer, No. 2:05cv275 (E.D. Va.); Banks v. Va. Int'l Terminals, No. 2:05cv257 (E.D. Va.). In five of his lawsuits, Banks failed to state any claim sufficient to survive a motion to dismiss. See Banks v. Hudson, Dismissal Order, No. 4:08cv7 (E.D. Va. Mar. 25, 2008); Banks v. Wallace, Dismissal Order, No. 4:07cv109 (E.D. Va. Mar. 24, 2008); Banks v. Hudson, Dismissal

Order, No. 4:07cv122 (E.D. Va. Jan. 16, 2008); <u>Banks v. Va. Int'l Terminals</u>, Dismissal Order, No. 2:06cv138 (E.D. Va. June 29, 2006), <u>appeal dismissed</u>, No. 06-1956 (4th Cir. May 15, 2007) (per curiam) (unpublished); <u>Banks v. Beckstoffer</u>, Dismissal Order, No. 2:05cv275 (E.D. Va. Feb. 16, 2006).[7]

As previously stated, the court has placed Banks under a system of prefiling review with respect to any submissions he makes involving VIT. Now, in a span of a few months, October, 2007 to January, 2008, Banks has filed two lawsuits against Hudson involving the events related to the counterfeiting and weapons charges, and a complaint against Jesse Wallace, City Manager of Hampton, Virginia, which is substantially similar to the complaints filed by Banks against Hudson. In all three of these complaints, Banks sets forth the same incomprehensible and conclusory assertions regarding, <u>inter alia</u>, the events related to the counterfeiting and weapons charges.

The second <u>Cromer</u> factor also weighs against Banks. In his vast submissions, he has made little or no effort to comply with the Federal Rules of Civil Procedure, despite the court's repeated warnings to him to so comply. The fact that Banks continuously

---

[7] In Banks's first lawsuit, his application to proceed <u>in forma pauperis</u> was denied based on his stated assets and on his failure to properly complete the forms required for a plaintiff to proceed <u>in forma pauperis</u>. See <u>Banks v. Va. Int'l Terminals</u>, Order on Application to Proceed Without Prepayment of Fees, No. 2:05cv257 (E.D. Va. May 3, 2005).

7

ignores the court's instructions and violates the Federal Rules indicates a motive to harass and an absence of good faith.

With respect to the third Cromer factor, the court and the City of Hampton have been burdened by Banks's litigation, as they have had to expend significant time and resources in their efforts to decipher his submissions in an attempt to understand what exactly Banks is alleging. In looking at the final Cromer factor, it is clear that lesser sanctions would not be adequate in this case. Banks is already under a system of prefiling review with regard to any complaints he submits against VIT. His numerous, duplicative, and deficient submissions regarding the events related to the counterfeiting and weapons charges demonstrate a "single-minded quest," which makes it clear that lesser sanctions will not be adequate. See McMahon v. F&M Bank-Winchester, No. 93-2392, 1994 U.S. App. LEXIS 36788, at *2 (4th Cir. Apr. 19, 1994) (unpublished).

The court is convinced that expanding the system of prefiling review which is currently in place is the only means of ensuring that Banks does not continue to burden the parties and the court with unintelligible submissions. Accordingly, Banks is ordered to **SHOW CAUSE** as to why the court should not expand the system of prefiling review which is currently in place to include all complaints submitted by Banks in this court.

Such a system would subject any complaint submitted by Banks

to review by a judge of this court. If the court determines that Banks has complied with Federal Rule of Civil Procedure 8, and is not seeking to reopen settled matters that have been decided by this court, then the complaint shall be filed. If the court determines that the complaint fails to meet both of these requirements, then the court shall so state and shall return the complaint to Banks unfiled. Such a system would be narrowly tailored, as it would preclude only those complaints that do not comply with Rule 8 and those complaints that seek to reopen matters on which this court has previously ruled. See Cromer, 390 F.2d at 818 (noting that a prefiling injunction needs "to allow the litigant the option of filing additional federal court actions, if granted permission to do so by the district court").

### III. Conclusion

Banks's complaint is hereby **DISMISSED**[8] pursuant to Federal Rule of Civil Procedure 12(b)(6). Banks is **ORDERED** to **SHOW CAUSE**, within fourteen (14) days from the date of this Dismissal and Show Cause Order, as to why the system of prefiling review which is currently in place should not be expanded. Failure to respond within the fourteen day period will result in the imposition of a prefiling injunction as set forth in this Dismissal and Show Cause

---

[8] Banks will be given an opportunity to appeal this dismissal, after the court concludes the entire case by disposing of the matter regarding the prefiling injunction. See Fed. R. Civ. P. 54(b).

Order. The Clerk is **DIRECTED** to send a copy of this Dismissal and Show Cause Order to William Nicholas Banks, Jr., and to counsel for Cynthia Hudson.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

Rebecca Beach Smith
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

March 25, 2008